Reese J.
delivered the opinion of the court.
1st. The’bill of indictment does not allege that triers of the competency and qualification of jurors were ^appointed by the court, and that the defendant swore on his voir dire before them. We think this was not necessary, for as said by the court, at its last term, in the case of McGowan v. the State, 9 Yerg. Rep. 95, the circuit Judge presiding on the trial of a cause is, under our system and practice, competent to try the qualifications of juror’s, who may by him be examined on their voir dire and if on an issue, or question of competency and qualification of a juror, he, on his voir dire wilfully and *350 corruptly state what is untrue, in a matter material to such or question oí competency and qualification, we have . , . . , J 1 no doubt it would be perjury.
2. But the indictment does not allege, that an issue or question of competency and qualification, as to the jurors called, generally, or as to the particular juror offered, was submitted by the parties, or by either party to the determination of the court. There is no allegation, that the oath was administered by the court because of any challenge or objection by the State, or the Prisoner on trial, to the competency and qualification of the juror. We think, that the indictment should show that an issue”or question of competency and qualification either of the jury generally, or of the juror in particular, who was sworn on his voir dire, was submitted by the parties to the court. The averment that the matter sworn to in a cause, became and was material, may be sufficient upon the point of materiality where it does not appear upon the face of the bill, in setting out the case, but in a case like the present, such averment cannot supply the omission to allege, that an issue or question touching the competency and qualification of the juror, was submitted to the determination of the court. Let the judgment be affirmed. The prisoner will be recognised to appear before the circuit court of .Giles county for further proceedings tobe had.
Judgment affirmed.